UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GWIN STEWART, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No.: |
| NATIONAL PARK SERVICE, | ) **PLAINTIFF DEMANDS TRIAL BY JURY** |
|     Serve at:    11 North 4th Street<br>                  St. Louis, MO  63102 | ) |
| AND | ) |
| JEFFERSON NATIONAL EXPANSION MEMORIAL, | ) |
|     Serve at:    11 North 4th Street<br>                  St. Louis, MO  63102 | ) |
|     Defendants. | ) |

## *COMPLAINT*

COMES NOW plaintiff, Gwin Stewart, by and through counsel, Steven J. Hughes and Pitzer Snodgrass, P.C., and for her claim for personal injuries against defendants National Park Service and Jefferson National Expansion Memorial, states as follows:

1. That original jurisdiction and venue are proper in this Court pursuant to the Federal Tort Claims Act.

2. That plaintiff has complied with the requirements of 28 USC §2675(a) prior to the filing of this lawsuit.

3. That on or about July 4, 2012 plaintiff Gwin Stewart was legally and properly on the property, commonly known as the Jefferson National Expansion Memorial, which is managed, maintained, and/or controlled by defendants National Park Service and Jefferson National Expansion Memorial, as an invitee.

4. That while plaintiff was on the property as an invitee, at approximately 8:30 p.m. on the evening on July 4, 2012, she fell in an unmarked hole located on the property, which represented a latent and/or unmarked hazard and/or defect on the property of which plaintiff had no prior knowledge and of which plaintiff received no warning.

5. That plaintiff's fall and resultant injuries were the sole and direct proximate cause of the negligence of defendants in failing to warn plaintiff of the hazardous condition and/or defect on defendants' property, of which plaintiff was unaware, and of which defendants knew or should have known, and of which defendants knew or should have known posed a risk of serious injury to plaintiff.

6. That defendants National Park Service and Jefferson National Expansion Memorial had a duty to use ordinary care to invitees, including plaintiff herein, to maintain the property in question in a reasonably safe condition and to warn invitees, including plaintiff herein, of latent and/or unmarked defects and/or hazardous conditions on the property which were not open and obvious to plaintiff.

7. That as a direct and proximate result of defendants' negligence, as set forth herein, plaintiff Gwin Stewart sustained painful, serious, permanent, limiting and debilitating injuries to her left leg and knee, which have caused her pain and suffering in an amount to be determined, and has caused her to undergo medical treatment and to incur medical expenses.

WHEREFORE, plaintiff Gwin Stewart prays for judgment against defendants and in her favor in an amount to be determined, but in excess of $75,000.00, and for such further relief as this Court deems is just and proper.

/s/Steven J. Hughes
Steven J. Hughes   #38968
Federal Registration No. 38968MO
PITZER SNODGRASS, P.C.
Attorney for Plaintiff
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)