UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GWIN STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-1202 (CEJ) |
| ) | |
| NATIONAL PARK SERVICE and ) | |
| JEFFERSON NATIONAL EXPANSION ) | |
| MEMORIAL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. The defendant asserts that plaintiff has not exhausted her administrative remedies as a prerequisite to filing this action. Also before the Court is the plaintiff's motion to stay the ruling on the motion to dismiss pending the defendant's determination of plaintiff's administrative tort claim.

Plaintiff Gwin Stewart alleges that, on July 4, 2012, while visiting the Jefferson National Expansion Memorial, she fell in an unmarked hole on the grounds and injured her left knee and leg. She filed this action on July 3, 2014, asserting a claim under to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, *et seq*.

The FTCA provides a limited waiver of the federal government's immunity from suit. <u>Mader v. United States</u>, 654 F.3d 794, 797 (8th Cir. 2011). However, plaintiff may not file suit under the FTCA until she has exhausted her administrative remedies by presenting her claims to the appropriate federal agency. <u>Id.</u> The exhaustion requirement is satisfied once the claimant "presents[s] the claim to the appropriate [f]ederal agency." 28 U.S.C. § 2675(a). If the agency issues a final written denial of

the claim or fails to resolve the claim within six months, the claimant may commence suit in district court. Id. ("The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section."). The "presentment requirement" is a jurisdictional prerequisite to filing suit. Mader, 654 F.3d at 805.

Plaintiff filed an administrative claim with defendant National Park Service on June 13, 2014. To date, the defendant has not issued a final denial of plaintiff's claim. Further, the six-month time period allowed for investigating and disposing of the claim will not elapse until December 13, 2014. Thus, the presentment requirements of § 2675(a) are not satisfied and the Court lacks subject-matter jurisdiction over this dispute. Additionally, the Court lacks jurisdiction to entertain plaintiff's motion to stay. See Taylor v. Clark, 821 F. Supp. 2d 370, 375 (D.D.C. 2011) (finding court lacked jurisdiction to stay FTCA action pending exhaustion of administrative remedies).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of subject-matter jurisdiction [Doc. #3] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2014.